**STATE OF FLORIDA, ex rel. W. O. FRAZIER, v D. C. COLEMAN, as Sheriff of Dade County, Florida.**

20 So. (2nd) 911            January Term, 1945
February 9, 1945             Division A
Rehearing denied March 5, 1945

*J. F. Gordon* and *L. G. Egert,* for appellant.

*J. Tom Watson,* Attorney General, *John C. Wynn,* Assistant Attorney General, *Robert R. Taylor,* Dade County Solicitor, and *Glenn C. Mincer,* Assistant·County Solicitor, for appellee.

ADAMS, J.:

Appellant and 98 others were informed against for the violation of Sec. 861.01, F.S. '41.

"Whoever obstructs any public road or established highway by fencing across or into the same, or by willfully causing any obstruction in or to such road or highway, or any part thereof, shall be punished . . ."

The first count charged a conspiracy to willfully obstruct a public road. The second count charged that they did willfully obstruct a public highway. It is alleged that the obstruction was effectuated by parking busses therein. The highway obstructed is Flagler Street and Northwest Miami Court, which are streets in the City of Miami.

Appellant comes here by way of an appeal from an adverse judgment rendered in habeas corpus.

The first question is whether Sec. 861.01 prohibits the obstruction of a street in a municipality. There is a wealth of authority on this question. The rule generally approved by

the authorities is that a public road is a generic term applied to all kinds of public ways open to the public for passage. Strange v. Board of County Commissioners, 173 Ind. 640, 91 N. E. 242; Southern Kansas Ry. Co. v. Oklahoma City, 12 Okla. 82, 69 Pac. 1050; Mobile & Ohio R. Co. v. Davis, 130 Ill. 146, 22 N. E. 850. We need not go beyond our own jurisdiction for an expression which we feel is applicable here. Amos, et al., v. Mathews, 99 Fla. 1, 126 So. 308;

" . . . That holding rests upon the reason that the streets of a municipality, in appropriate instances, and for purposes of maintenance, may constitute public roads of the county of which the municipality is a component part. All streets are highways, but all highways are not necessarily streets."

The second question is whether Sec. 861.01 is limited in its application to obstructions of a permanent character. A thoughtful reading of the statute will leave no doubt as to the answer. The statute is in the disjunctive. It is one crime to obstruct a highway by a fence. It is another to willfully obstruct same. This charge is filed under the latter. It is significant that in the latter it is essential that the obstruction be willful but not so in the former. This is a complete answer to the claim that the mere parking of a car on the street is a violation of the statute inasmuch as it necessarily partially obstructs the street.

Finding no error the judgment is affirmed.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.